FILED
07 AUG 28 PM 3:52
U.S. BANKRUPTCY COURT
TOLEDO, OHIO

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | **JUDGE RICHARD L. SPEER** |
| Danielle Harris | ) | |
| | ) | Case No. 06-3559 |
| Debtor(s) | ) | |
| | ) | (Related Case: 06-31767) |
| Danielle Harris | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Memorial Hospital | ) | |
| | ) | |
| Defendant(s) | ) | |

**DECISION AND ORDER**

This cause is before the Court after a Trial on the action brought by the Plaintiff, entitled "Complaint for Injunctive Relief and Monetary Damages and Punitive Damages." (Doc. No. 1). As the basis for her Complaint, the Plaintiff alleges that the Defendant violated the automatic stay as set forth in 11 U.S.C. § 362. At the conclusion of the Trial, the Court deferred ruling on the matter so as to afford time to thoroughly consider the issues raised by the Parties. The Court has now had this opportunity and finds, for the reasons that are now explained, that the Plaintiff's complaint has merit, and thus relief will be awarded to the extent set forth herein.

**FACTS**

On July 17, 2006, the Plaintiff/Debtor, Danielle D. Harris (hereinafter the "Debtor"), filed a bankruptcy petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code.

The Defendant, Memorial Hospital (hereinafter "Memorial"), was set forth in the Debtor's bankruptcy petition as the holder of an unsecured claim. Thereafter, Memorial received notice of the Debtor's bankruptcy petition.

After receiving notice of the Debtor's bankruptcy petition, Memorial sent two statements, both dated September 8, 2006, to the Debtor. These statements reflected that the Debtor had, for prepetition services rendered by Memorial, two outstanding account balances: one for $126.09, another for $75.46. After receiving these statements, the Debtor contacted her attorney, Mr. Donald Harris.

On September 28, 2006, Mr. Harris sent a letter to Memorial setting forth that, by way of the two statements sent to the Debtor, it had, in his opinion, committed a violation of bankruptcy law – specifically of § 362(a), the automatic stay. In this letter, it was further asserted that the Debtor suffered damages, including damages for mental and emotional distress, in excess of $15,000.00. Mr. Harris then concluded his letter by demanding $10,000.00 to settle the dispute. (Def. Ex. A).

Memorial's attorney, Mr. David Coyle, responded to Mr. Harris' initial demand through a letter dated October 6, 2006. In that letter, Memorial denied that its actions were in violation of bankruptcy law, but assured Mr. Harris that "no additional notices would be sent to the Debtor." Memorial then concluded the letter by offering to settle the dispute for $250.00. (Def. Ex. B).

On October 9, 2006, Mr. Harris sent another letter to Memorial, again asserting that Memorial had, by sending the two statements to the Debtor, violated the automatic stay. In doing so, he rejected Memorial's offer of $250.00 to settle the matter, instead demanding $5,000.00 to resolve the dispute. Thereafter, no further communications were made between the Parties until October 13, 2006, when the Debtor commenced the instant adversarial complaint.

## DISCUSSION

The matter brought by the Plaintiff before the Court alleges a violation of the automatic stay of § 362(a). Pursuant to 28 U.S.C. § 157, a determination regarding the applicability of the stay, including a violation thereof, is a core proceeding over which this Court has been conferred with the jurisdictional authority to enter final orders. 28 U.S.C. § 1334.

Upon the commencement of a bankruptcy case, an automatic stay arises as a matter of law; no formal notice or service of process is required for the stay to have effect. 11 U.S.C. § 362(a); *Smith v. First American Bank, N.A.*, 876 F.2d 524, 526 (6th Cir. 1989). The scope of the stay is broad, and among other things, it will operate to enjoin "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6). As a practical matter, the stay will, in most situations, enjoin a creditor from sending letters and other correspondences to the debtor. *In re Baggs*, 283 B.R. 726, 729 (Bankr. C.D.Ill. 2002). Those statements sent by Memorial to the Debtor are no exception.

First, near the bottom of the statements it is set forth, "Your account is now due. Please remit payment in full." The statements sent by Memorial also included a detachable portion, instructing the recipient to detach it and then send it to Memorial along with the amount due. Finally, the statements sent by Memorial to the Debtor indicated that payments could be made by credit card. (Def. Ex. A). Given these repeated references to payment, if the statements sent by Memorial to the Debtor do not constitute an "act" to collect a debt as proscribed by § 362(a)(6), then it is difficult to imagine what would.

Thus, despite references made by Memorial to the contrary, – particularly in the letter written by its counsel, Mr. Coyle, to Mr. Harris, dated October 6, 2006 – it is clear Memorial violated the automatic stay of § 362(a) when it sent the two statements to the Debtor. In fact, Memorial later

admitted so much in its filings with the Court. (Doc. No. 15, at pg. 3).[1] Memorial, however, takes the position that no sanctions should be imposed against it, or if sanctions are imposed they should be minimal, because its violation of the stay was inadvertent and it took subsequent remedial measures to rectify the situation, – *i.e.*, no further notices were sent after it was notified of its mistake. *Id.*

When a violation of the automatic stay of § 362(a) occurs, a number of potential remedies are available for the debtor: (1) seek to avoid the action which violated the stay; (2) bring an action against the creditor for contempt; (3) seek injunctive relief; and/or (4) seek statutory damages pursuant to 11 U.S.C. 362(k)(1). For these types of remedies, the Complaint submitted by the Debtor sought only the latter two forms of relief – an injunction and statutory damages. But at the Trial held in this matter, the Debtor, acting through her attorney, Mr. Harris, limited her request for relief to just that of statutory damages. Additionally, as statutory damages, Mr. Harris then further clarified that the Debtor, who neither appeared nor testified at the Trial, was seeking only attorney fees. These fees, according to Mr. Harris, totaled $2,636.75. (Doc. No. 20).

Damages for a violation of the automatic stay are statutorily provided for in § 362(k)(1), which was formerly designated as § 362(h) prior to the implementation of BAPCPA[2] in 2005. In relevant part, this provision provides:

---

1

In its PreTrial Brief, Memorial stated that it "does not deny that it inadvertently violated the automatic stay." At the Trial held in this matter, however, Memorial did appear to renew the argument that the statements sent to Debtor were not an attempt to collect a debt from the Debtor, characterizing them as simply a "a statement for service." (Oral Argument at 1:35:06 p.m.). The Court, however, is unclear exactly what was meant by this argument. Regardless, for the reasons already stated, Memorial clearly violated the automatic stay of § 362(a) when it sent the two billing statements to the Debtor.

2

Public Law 109-8, 119 Stat. 23.

> . . . an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

A plain reading of this statute shows that the mere existence of a stay violation does not entitle a debtor to damages. Instead, to recover damages, the debtor must also show that, (1) the violation was committed willfully, and (2) that an injury resulted.[3] But once these elements are established, an award of actual damages is mandatory. *See, e.g., In re Taylor*, 884 F.2d 478, 483 (9th Cir. 1989) (the words 'shall recover' indicate that Congress intended that an award of actual damages is mandatory). Additionally, in "appropriate circumstances," punitive damages may be imposed.

Memorial's position, – that its violation of the stay was inadvertent, thereby, making an award of damages inappropriate – would appear to attack the applicability of the first element of § 362(k)(1): the requirement that the violation of the stay be "willful." For this, it is Memorial's position that, although it knew of the Debtor's bankruptcy filing, it sent the statements to the Debtor as "a result of a mistake." (Doc. No. 15, at pg. 2). According to Memorial, this mistake occurred because it "did not remove the Debtor's name from its internal system generating statements of amounts due." *Id.*

Based upon the credible testimony provided by Memorial's witness at the Trial held in this matter, the Court does not question the genuineness of its explanation: that it sent the two billing statements to the Debtor by mistake. Regardless, this does not insulate Memorial from a finding that it "willfully" violated the automatic stay of § 362(a). It is well-established that a finding that the stay was "willfully" violated is appropriate simply "when the creditor knew of the stay and violated the stay by an intentional act." *In re Sharon*, 234 B.R. 676, 687 (6th Cir. B.A.P. 1999) (interpreting § 362(h)). For this, no specific intent is required; the actor must have only intended the act which

---

3

*Barclay v. Reimer & Lorber Co. (In re Barclay)*, 337 B.R. 728 (6th Cir. B.A.P. Feb. 1, 2006) (unreported table decision), available at 2006 WL 238139, at *5.

violated the stay. *In re Chesnut*, 422 F.3d 298, 302 (5th Cir. 2005). A mistake, thus, will not negate the "willful" requirement of § 362(k) so long the creditor had notice of the stay which, in this matter, Memorial admitted it received. *Fleet Mortgage Group, Inc. v. Kaneb*, 196 F.3d 265, 268-69 (1st Cir. 1999).

This is not to say that the existence of an inadvertent mistake is not relevant to an analysis under § 362(k)(1). It is very relevant. But it goes not to the issue of liability. Rather, it goes to the issue of damages. For example, whether punitive damages are appropriate. *Siharath v. Citifinancial Servs. (In re Siharath)*, 285 B.R. 299, 305 (Bankr. D.Minn. 2002).

Once a 'willful' violation of the stay is established, an award of damages is mandatory under § 362(k)(1) so long as there is a resulting injury. *Spears v. Ford Motor Credit Co. (In re Spears)*, 223 B.R. 159, 165 (Bankr. N.D.Ill. 1998). In this matter, although other injuries by the Debtor were alleged, such as emotional distress, the Debtor, at the Trial, limited her request for damages to solely that of attorney fees. As attorney fees, Mr. Harris put forth that, in representing the Debtor for Memorial's stay violation, he charged for 22.5 hours of work at the rate of $175.00 per hour. Based upon this, Mr. Harris seeks from Memorial $2,636.75 in legal fees, an amount which includes a reduction for some of the services he rendered. (Doc. No. 20).

Section 362(k)(1) goes in contravention of the American Rule, which holds that each party shall bear their own costs of litigation, and requires that attorney fees be imposed against a creditor, such as Memorial, who is found to have willfully violated the automatic stay of § 362(a). *See In re Roman*, 283 B.R. 1, 9-10 (9th Cir. B.A.P. 2002) (attorney fees are actual damages for purposes of § 362). It would appear that no other injury is required; in appropriate circumstances, an award attorney fees under § 362(k) may stand on its own. *See, e.g.*, *In re Hedetneimi*, 297 B.R. 837, 842-43 (Bankr. M.D.Fla. 2003) (listing cases). While § 362(k)(1) does not specify any standard a court is to employ when making an award of attorney fees, a few parameters are generally accepted.

Foremost, the attorney fees must be reasonable. *Eskanos v. Roman (In re Roman)*, 283 B.R. 1, 11-12 (9th Cir. B.A.P. 2002). When determining the reasonableness of fees, courts may and do frequently look to other provisions of the Bankruptcy Code, primarily § 330 which governs awards of professional fees. *Id.* Under this provision, it is provided that when determining the amount of reasonable compensation to be awarded, the court should take into account "whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title." § 330(a)(3)(F).

Additionally, for purposes of a violation of § 362(a), the attorney fees requested should bear a reasonable relationship to the amount in controversy. *Mitchell v. BankIllinois*, 316 B.R. 891 (S.D. Tex. 2004). In this way, significant awards of attorney fees are rarely appropriate where the debtor has no other damages besides the attorney fees. *In re Risner*, 317 B.R. 830, 840 (Bankr. D.Idaho 2004). A debtor is also under a duty to mitigate their damages. For attorney fees, this means that after reasonable offers of settlement are made, any attorney fees incurred thereafter must be borne by the debtor. *In re Esposito*, 154 B.R. 1011, 1015-16 (Bankr. N.D.Ga. 1993).

Under these parameters, the $2,636.75 in legal fees sought by Mr. Harris are excessive. At issue in this matter is a minor stay violation, involving just two billing statements. Yet, Mr. Harris' fees are based upon 22.5 hours of work, almost three full working days. A phone call or letter was all that was needed to resolve the matter. In fact, a letter did resolve the matter. After Mr. Harris sent his letter to Memorial, no further billing statements were sent to the Debtor. *See In re Hill*, 222 B.R. 119, 124 (Bankr. N.D.Ohio 1998) (where the stay violation is relatively minor, two collection letters, and the debtor's sole damages are attorney's fees, the court "should review those fees carefully to avoid the reality or appearance that the Court is rewarding an excessively litigious approach to such violations.").

Additionally, Mr. Harris, being an experienced bankruptcy practitioner, could not have been blind to the fact that he was spending an inordinate amount of time on a matter which was not likely

to yield, beyond his own attorney fees, any substantial financial benefit for his client. The only particularized injury alleged by the Debtor was that for emotional distress which, besides being highly speculative, would have been difficult to prove in this matter considering the unobtrusive conduct from which it allegedly stemmed: the two billing statements, seeking together just $201.55 in remuneration. Moreover, even if the Debtor did incur damages as the result of emotional distress, it is highly questionable whether, as a legal matter, such damages are recoverable. In the case of *United States v. Harcher*, a decision from the District Court of the Northern District of Ohio, it was held that damages for emotional injuries are not "actual damages" for purposes of awarding damages for a willful violation of the stay under § 362. 331 B.R. 720 (N.D.Ohio 2005).

Also troubling with regards to the large amount of attorney fees sought by Mr. Harris is this unignorable fact: the Debtor, who did not appear at the Trial, apparently did not wish to pursue the matter. Hence, the many hours Mr. Harris spent on this case, as opposed to having as its aim the vindication of the rights of his client, takes on a real air of fee churning and attorney enrichment. Obviously, this is not the function § 362(k)(1) is intended to serve. As succinctly put by another court: "The automatic stay afforded by section 362 is intended to be a shield protecting debtors and their estates, and should not be used as a sword for their enrichment." *McHenry v. Key Bank (In re McHenry)*, 179 B.R. 165, 169 (9th Cir. B.A.P. 1995). Moreover, in line with this policy, this Court, in a prior ruling also involving Mr. Harris as the attorney, admonished that it is inherently improper to view violations of § 362(a) as a profit-making endeavor. *In re Duling*, 360 B.R. 643, 647 (Bankr. N.D.Ohio 2006).

Apparently in response to these concerns, Mr. Harris argues that the scope of his fees are warranted in this matter because Mr. Coyle, in his letter dated October 6, 2006, had denied and then continued to deny that Memorial, by sending billing statements to the Debtor, was in violation of the automatic stay of § 362(a). Therefore, according to Mr. Harris, without an initial admission of liability on the part of Memorial, it was necessary for him to fully litigate this matter so that a definitive ruling could be made by the Court. However, this position, which seemingly implies that

justice required an admission or determination of liability against Memorial, fails on a number of different levels.

First, as just a matter of appearance, the position of Mr. Harris has a hollow ring without the presence of his client, the real party in interest, who apparently did not share Mr. Harris' zeal to see to it that 'justice' was done. Even this aside, as a policy matter, courts are to encourage settlements, not litigation. But to adopt Mr. Harris' position would promote just the opposite.

In this respect, Mr. Harris' position attempts to present a problem where none existed. By offering to settle the matter for $250.00, and by making assurances that it would cease sending its statements to the Debtor, Memorial was acknowledging liability *sub silentio*. At the very least, Mr. Harris had, at that point, fully vindicated the rights of his client. Anything beyond that would have been surplusage.

This, however, does not mean that attorney fees are entirely inappropriate in this case. As stated earlier, Memorial was in clear violation of the stay when it sent to the Debtor the two billing statements dated September 8, 2006. When a creditor violates the stay, it must expect that a debtor will take some type of action to vindicate their rights which the Debtor did in this matter when she contacted her attorney, Mr. Harris. It must also be expected that a debtor's attorney will take steps to protect their client's rights which Mr. Harris did when he sent a letter to Memorial.

As a result, it is the finding of this Court that the reasonable time spent by Mr. Harris on these three activities is compensable in accordance with § 362(k)(1): (1) the time Mr. Harris needed for his initial consultation with his client regarding the stay violation; (2) the time required of Mr. Harris to draft his initial letter to Memorial informing it of the stay violation; and (3) the time used by Mr. Harris when reviewing Memorial's response to his letter and then communicating that response to his client. Additionally, based upon both the time and rates customarily charged by attorneys in this area for such services, the Court finds that Mr. Harris shall be entitled to receive compensation for

one hour and fifteen minutes worth of work at the rate of $175.00 per hour. Accordingly, the Debtor, as damages for attorney fees under § 362(k)(1), shall be entitled to receive from Memorial the sum of $218.75.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

***ORDERED*** that, based upon a violation of the automatic stay of 11 U.S.C. § 362(a), judgment for legal fees is hereby rendered pursuant to 11 U.S.C. § 362(k)(1) in favor of the Plaintiff/Debtor, Danielle Harris, against the Defendant/Creditor, Memorial Hospital, in the amount of Two Hundred Eighteen and 75/100 dollars ($218.75).

***IT IS FURTHER ORDERED*** that, pursuant to Bankruptcy Rule 9021, the Clerk, United States Bankruptcy Court, shall issue a judgment entry in accordance with the above order.

*This matter was heard and decided prior to August 17, 2007, but was not published until subsequent to that date.*

Dated: August 28, 2007

Richard L. Speer
United States
Bankruptcy Judge

## *CERTIFICATE OF SERVICE*

Copies were mailed this 28th day of August, 2007 to:

Danielle D Harris
326 N. Wayne St.
Fremont, OH 43420

Donald R. Harris
158 E. Market St, #302b
Sandusky, OH 44870

Memorial Hospital
715 Taft Avenue
Fremont, OH 43420

David J Coyle
1000 Jackson St
Toledo, OH 43604

/s/Diana Hernandez
Deputy Clerk, U.S. Bankruptcy Court